ST. LOUIS CLAYTON COUNTY COURT FOR THE 21ST CIRCUIT
STATE OF MISSOURI

EDGAR VERNELL FUTRELL )
    PLAINTIFF, ) Cause no #. 21SL-CCO 0546
)
VS. ) DIVISION 4
)
LOWE'S )
14755 N. OUTER 40 RD # 120 )
CHESTERFIELF MISSOURI 63017 )
    RESPONDENT,

**FILED**
**JAN 15 2021**
JOAN M. GILMER
CIRCUIT CLERK, ST. LOUIS COUNTY

BREACH OF CONTRACT

**STATEMENT OF FACTS:**

COMES NOW, Edgar Futrell-Pro se (Plaintiff) in the above entitled cause of action against Lowe's (Defendant) using the account number 81924263819468 is in violation of Plaintiff's 5th 9th and 14th amendment to the United States Constitution; for breach of agreement; on or about January 18, 2018 the Plaintiff established a credit card account with an alleged APR of 26.99 % and it was breached.(1). for escalating the 26.99 % APR. (2) Illegally charging for an over-the limit transaction and (3) to extend a line of credit over-the-limit then terminated the contract in the same month is a breach of agreement and an act of deception. However After discovering the shocking news the Plaintiff decided to contact Lowe's to see if the errors could be corrected. In speaking with a representative on November 29, 2020 "she" refuses to make any effort to correct the problem or transfer the Plaintiff to someone who could better explain the transaction; moreover, in her response the Plaintiff was flagrantly with sarcasm told "if you want to avoid interest charges pay the debt off" The Plaintiff believes it was illegal to suggest Plaintiff "pay off the loan"; absurd.

The "Consumer financial (FDIC) law regulations related acts section 1026.56 prohibits the assessment of fees or charges for over-the-limit transactions unless the consumer affirmatively consents. Also it states, (A) Definition. "For the purpose of this section, the term "over-the-limit transaction" means any extension of credit by a card issuer to complete a transaction that causes consumers credit card account balance to exceed the credit limit". (1). General. A card issuer shall not asses a fee or charge on a consumer's credit card account under an open-end (not home secured) consumer's credit plan for an over-the-limit transaction under the card Issuer; (I) {Shall} Provides the consumer with an oral written or electronic notice, segregated from all the other information, describing the consumer's right to affirmatively consent, or opt in, to the card issuer's payment of an over-the-limit transaction; (ii) Provide a reasonable opportunity for the consumer to affirmatively consent, or opt in, to the card issuer's payment of an over-the-limit transaction; Finally (2) "Completion of the over-the-limit transactions without consumer's consent" notwithstanding affirmative consent under paragraph (b)(1); this Section 102.56 should definitely be applicable whereby plaintiff was charged 284.18 for an assumed purchase on August 16 2020 that was an over-the-limit transaction. Oddly enough in the same month of the transaction on August 24, 2020 the Plaintiff's account was terminated, that is a clear representation of a breach of an agreement. "A legal contract is an enforceable agreement between two parties. It may be verbal or written".

Although it is not required by law to show a compilation or pattern to prove "breach of Contract", one breach is simply enough; however, when showing patterns or consistencies it Proves knowingly and deliberately; Mr. Futrell illustrates in several invoices statements.

1

Lowe's invoice for August 16, 2020 details that is severely misleading, and a transparent depiction of Breach of agreement for intentional miscalculations, randomly Changing repayments, and charging for an over-the-limit transaction. To wit:

"Lowes invoice statement for August 16, 2020": (loaded with misstatements)
Transaction date/ postdate 08/16/20 payment- thank you 39.00 which identifies as paid
Transaction date/postdate 08/18/20 payment correction 39.00 (unexplainable)
Transaction date/postdate 08/18/20 interest charge-prev. cycle purchases 0.91(unexplainable)
Transaction date/postdate 08/18/20 payment correction 41.00 (unexplainable)
Transaction date/postdate 08/18/20 interest charge prev. cycle purchases 0.95 (unexplainable)
Transaction date/postdate 08/18/20 payment correction 121.00 (unexplainable)
Transaction date/postdate 08/18/20 2.80 (unexplainable)
Transaction date/postdate payment correction 39.00 (unexplainable)
Transaction date/postdate 08/18/20 interest charge prev. cycle purchase 0.5 (unexplainable)
Transaction date/postdate 08/24/20 purchase debit 284.18 (unexplainable)
Transaction date/ postdate 08/24/20 interest charge on purchases 33.75 (unexplainable)

Lowes only pays 12.41 dollars towards the plaintiff's principal balance while paying 34.59 towards the interest charges. i.e., the balance on August 16 2020 sky rocketed from 1,171.98 to 1,489.91 and Lowes could not explain the transactions. Mr. Futrell is being held accountable for paying an "over-the-limit" transaction when Lowe's faltered the contract for first allowing a transaction without consent, secondly terminating a contract in the same month of allowance, Plaintiff learned Lowe's not only extended the loan but closed the account as well in the same month the loan was extended. This in a nut shell is identified as none other than predatory lending, bait and switch and fraud combined together causing a breach of

contract to ignite, the evidence is overwhelming to wit: next invoice,
September 16, 2020:
Transaction date 09/16/20 "but card terminated August 24, 2020
Transaction date/postdate 09/16/2020 payment-thank you 88.00
Transaction interest charges 30.99
Transaction APR 26.99 with 71% actually applied to interest rate contrary to the 26.99 promised in the agreement. Question for the defendant is how can the plaintiff can be charged interest charges of 30.99 percent when the APR is 26.99 %.

2

October 16, 2020:
Transactions date 10/16/20 "Expiration date N/A" yet was terminated on or about September 2020.
Transaction date/postdate 10/16/20
Transaction date/postdate 10/16/20 payment thank you 47.00
Transaction date/postdate 10/16/20 interest charges 32.66
Transaction: APR 26.99% with only paying 12.44 dollars toward principal when the 32.44 should have been applied toward the principal.

To avoid presenting all of the overwhelming evidence in this lawsuit the remainder of the invoices will be submitted to the court as exhibits that demonstrates predatory lending, bait and switch and fraud In all of Lowe's transactions they are allegedly taking as interest 31.33 or 33.68 When in fact they are criminally applying 71% towards the interest creating an intentional price gauge, and circumvention based on the agreed 26.99 % APR.

## JURISDICTIONAL STATEMENT

The Plaintiff, Edgar Vernell Futrell was born and naturalized as a citizen of the United States of America since birth; Plaintiff currently and at the time of the allegation resided in St. Louis County; the claim of Breach of Contract against Lowe's was committed in St. Louis County and lastly, to deny access to the court the Plaintiff's 1st, 5th, 9th and 14th amendment to the United States Constitution will be breached whereby two parties cannot seem to find common ground on what appears to be a breach of agreement. Therefore the only venue available is to seek justice through the court system designed exclusively for this purpose.

COUNTS PRESENTED FOR WHICH RELIEF CAN BE GRANTED:
1. Defendant (Lowe's charged plaintiff with an over-the-limit transaction without his knowledge or consent.
2. Defendant escalated repayment whence applied an inappropriate amount toward the principal balance for the purpose of drawing more interest.
3. Defendant (Lowe's) charged random amounts for repayment when charges were not escalating
4. Baiting and switching the agreement of APR 26.99 %
5. Defendant (Lowe's) fabricated the invoice on August 16, 2020 to escalate the amount owed then one week later terminated the credit card without just cause. Doing so caused depreciation in consumers credit score.
6. The defendant allowed a credit over-the-limit transaction then terminated contract in the same month is a breach of agreement and an act of deception.

3

7. Defendant (Lowe's) violated the "Truth in Lending act" for inconsistencies in the agreement.
8. Defendant intentionally and inappropriately applied a 26.99 APR whereby the consumer has excellent credit history; hiking the interest is predatory.

Argument:

The respondent (Lowe's) (1) intentionally escalated the Plaintiff's agreed APR of 26.99% by Insidiously applying the bare minimum throughout the course of the Plaintiff's loan a minimum of the repayment of 45.00 to 47.00 dollars paid each month. The defendant (Lowe's) according to the invoices only pays 12.00 to 13.00 towards the principal balance with the remaining 32.00 or 33.00 dollars going to the interest for the purpose of extending the time in which to pay off the balance at a heavily expensive price of 71 % interest in breached the agreed amount of 26.99 %. The Lowe's has designed the plan that takes an approximated 8 ½ years to pay off the balance; in that time Mr. Futrell will have paid an approximated incredible of 3,360.00 dollars that started out at 1,489.91 dollars. APR's is put in place to: determine "how much interest to charge, how long it will take to pay off the loan, and how much should be applied to the principal balance to pay off a loan that has been terminated with no added debt in a certain time frame that which agrees with the APR set. Lowe's will have taken in much more than 130 % profit. To add even more insult, to extend an account and in the same month terminate that account is an unethical, illegal business practice that should be prohibited from operation..

(2), the respondent illegally charged the plaintiff for an over-the-limit transaction he knew nothing about. The Defendant (Lowe's) on August 16, 2020 permitted an over-the-limit debit/purchase of 284.18 Without Mr. Futrell's consent or knowledge;

4

thus according requirements written under section 1026.56 (b) (2) it so states "A card issuer may pay an over-the-limit transaction even if the consumer has not provided affirmative consent, so long as the card issuer does not impose a fee or charge for paying the transaction"; in that it also says,

(1) General. A card issuer shall not asses a fee or charge on a consumer's credit card account under an open-end (not home-secured) consumer credit plan for an over-the limit transaction unless the card issuer proceed with a mandated protocol that lends credence to the transaction.

Even more shocking Lowe's in the same month August 24, 2020 terminated the plaintiff's active credit card for none of the reasons set forth in Lowe's policy. The termination was done with bias and prejudice. How dare Lowe's allow an over-the-limit transaction then shockingly the same month terminate the account; "The unfair trade practices refer to businesses using deceptive, fraudulent, or otherwise unethical methods to gain an advantage or turn a profit. This is a violates the Consumer protection law, as well as section 5

(a) of the Federal Trade Commission from unfair business practices; this is an act of unethical behavior warranted as unspeakably disgusting especially when doing so could depreciate a consumer's credit score and cause a gross deception.

Conclusion: Relief sought:
Based on the respondent incredibly unscrupulous ambition I pray this court will find the respondent liable and order Compensatory damages under the auspices "expectation damages" viewed from a continued perspective of 8 ½ years to pay off a debt owed of 1,489.91 at a whopping cost of 3,360.00 dollars nearly three times the amount borrowed totaling an approximated 130 % instead of the breached agreed amount of 26.99% APR had it ran its course;

5

The Plaintiff seeks a Full recovery of 5,000.00 dollars, a closed account with a zero balance and respondent pay the cost of these proceedings and or whatever the court deems just and proper.

Mr. Edgar Futrell

*[signature]*

### Sworn affidavit

I the Plaintiff Edgar Vernell Futrell before a Notary on the January _____ 2021 hereby swear and depose all of the content herein is true and correct to the best of my knowledge and understanding; also to commit fraud with untruthful information can result in jail or prison.

*[signature]*

Mr. Edgar Vernell Futrell
9738 Duke Dr.
St. Louis Missouri 63136
P. (314) 359-4133
E mail edgar.futrell@yahoo.com

Notary Seal: 
```
DILIP DESAI
Notary Public - Notary Seal
STATE OF MISSOURI
Comm. Number 17752754
St. Louis County
My Commission Expires: Dec. 18, 2021
```

Notary Public signature: *[signature]*

### CERTIFICATE OF SERVICE

I, PLAINTIFF Edgar Futrell hand delivered said lawsuit against Lowe's on this January ___15___ 2021 to the clerk of court at St. louis County circuit court, 105 South Central, Clayton Mo. 3105.

Mr. Edgar Futrell-Pro se

*[signature]*