RECEIVED
MAY 0 3 2021
BY MAIL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

EDGAR VERNELL FUTRELL.                    )
                                          )
            PLAINTIFF,                     )
                                          )
V.                                        ) CASE NO. 4:21-CV-00392-RLW
                                          )
LOWES,                                    )
                                          )
            DEFEDANT,                      )

### PLAINTIFF RESPONSE TO LOWES MOTION TO DISMISS AND MEMORANDUM IN SUPPORT THEREOF

COMES NOW Plaintiff Edgar Futrell in the case of action above and state his reason the lawsuit should be granted.

1.  The Plaintiff Edgar Futrell filed his complaint against Lowes in the St. Louis County Court for the 21st Circuit, State of Missouri on January 14, 2021.

2.  The complaint alleges that Lowe's breached the credit card agreement it had with Plaintiff by (1) applying a majority of payment toward interest, resulting in "escalating" interest, (2) allowing an over-the-limit transaction without his consent, and (3) improperly terminating the account in the same month that it allowed the over-the-limit transaction. See generally Compl. The Complaint also appears to assert a claim for violation of the Truth In Lending Act, as plaintiff alleges a violation of "Consumer financial (FDIC) law regulations related acts section 1026.56." (Compl, at I), and 12 C.F.R. sub-section 1026.56 (Requirements for (Opt-in required for over-the-limit transaction if fees are imposed). In addition, Plaintiff appears to claim a violation of section 5(a) of the federal trade Commission {Act}.

## DEFENDANT'S LOWE'S HOME CENETER
## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS,
## WITH INCLUDED PLAINTIFF'S RESPONSE TO GRANT

1.  Federal rule of Civil procedure 8(a) 2 requires a plaintiff to provide "a short and plain

    statement of the claim showing that {he}... is entitled to relief. 'in order to give the

    defendant fair notice of what the ...claim is and the grounds upon which is rests{.]

Response; the plaintiff believe in telling his short story of the occurrence it was explained the

when, what and where as according to the invoice statements alone with other detailed

information.

2.  The complaint fails to comply with rule 8 and 10 of the federal Rules of civil procedure,

    as it does not provide "a short and plain statement of the claim showing that

    {Plaintiff}... {is} entitled to relief" and does not have separate numbered paragraphs or

    state what Plaintiff's cause of action are.

    Contrary to the Defendant's off the cuff irresponsible response mentioning of rule 8 and

    10 of the federal rule of civil procedure; Rule 8 general Rules of Pleading/ Federal Rules

    of Civil Procedure" simply states a party that intends in good faith to deny all the

    allegation of a pleading-including the jurisdiction grounds-may do so by general (2) a

    short an plain statement of the claim showing that the pleader is entitled to relief and

    (3) a demand for relief sought hence rule 10 "form of Pleadings" (1) Caption; name of

    parties. Every pleading must have a caption with the court's name a title, a file number,

    and a rule.

The Plaintiffs steadfastly argue the respondent "Lowe's (1) intentionally escalated the Plaintiff's agreement APR of 26.99 % by insidiously applying the bare minimum throughout the course of the Plaintiff's loan; a minimum of the repayment of 45.00 to 47.00 dollars paid each month. The defendant according to the invoices only pays {at most} 12.00 to 13.00 towards the principal balance with the remaining 32.00 or 33.00 dollars going to the interest for the purpose of extending the time in which to pay off the balance; in that time Mr. Futrell have paid a very generous 3,360.00 dollars that started out at owing 1,489.91 dollars. According to the really good explanation supplying name, dates and issue of what happened the Federal rule 8 and 10 they are satisfied. Moreover, the lawsuit I believe did into raise to a level that should be reviewed by the federal Court considering the constitution governs state and federal and lastly the defendant did not contest the violation itself.

3. The credit card agreement makes clear that plaintiff's agreement is with Synchrony Bank ("Synchrony"), not Lowe's such that Plaintiff cannot state any claim against Lowe's arising out of the credit card agreement or account. The compliant should be dismissed because Lowe's is not the proper defendant.

Response: As a common practice Lowe's generally acquire its consumers when they are ready to exit the store; for instance in the case of Mr. Futrell's he had ended his shopping; at the cash out register he was asking "did { he} have a credit card and if not would he like to apply for one, it's really fast." The representative then takes your name, date of birth, driver license number and enters it into the data base and instantly you have a credit card.

There was never an application or mentioning of the credit card owned by "Scynchony Bank". The Plaintiff's credit card read "Lowe's Advantage" and all billing statements make referral to Lowe's as the sole vendor. Lastly, if "Scynchrony Bank" is the actual owners of the card they have clearly breached the agreement, misrepresented their company, fail to disclose, deliberately mislead the consumer for failure to present any language that identifies "Scynchrony Bank" as the owners of Lowe's and in stances whereby Lowe's is found liable they can throw Scynchony Bank under the bus using them as their escape route and they both can walk free.  This practice is unethical...The owners name must appear as the official owner or as a partner otherwise the entire contract is fraudulent on its face.

4.  Plaintiff fails to state a claim for breach of contract:

Plaintiff's response; The Plaintiff very transparently stated in his argument the following: to extend a line of credit over-the-limit and immediately thereafter terminate the contract in the same month {is absurdly} a breach of agreement and unethical; to apply a small fee to the principal and the vast majority to the interest not only extends the loan but generated more revenue in doing so; Defendant Lowe's charged random amount for repayment at a time when the bill wasn't increasing. And lastly, Baiting and switching the interest APR 26.99%; this is act of deception and {deceit} however, after discovering the shocking news the Plaintiff decides to contact Lowe's to see if the error could be corrected. In speaking with a representative on November 29, 2020 she refuse to make any effort to correct the problem or transfer the Plaintiff to someone who could better assist in the erroneous transaction; moreover, her response to Plaintiff was flagrantly spewing sarcasm and not being helpful she said,

"if you want to avoid interest charges pay the debt off" the plaintiff believe it was illegal to suggest Plaintiff "pay off a loan" so he decides to let the court the determine what's s legally sound.

As cited as authority in the "Consumer financial (FDIC) law regulations related acts section 1025.56 prohibits the assessment of fees of charges for over-the-limit transaction unless the consumer affirmatively consents. Also it states, (A) Definition, "For the purpose of this section, the term "Over-the-limit transaction" means any extension of credit by a card issuer to complete a transaction that causes a consumers credit card account balance to exceed the credit limit". 1. General. A card issuer shall not asses a fee or charge on a consumer's credit card account under an open-end (not home secured) consumer's credit plan for an over-the-limit under the card issuer; (1) shall provide the consumer with an oral written or electronic notice, segregated from all of the other information, describing the consumer's right to affirmatively consent, or opt in, to the card issuer's payment of an over-the-limit transaction; (ii) Provide a reasonable opportunity for the consumer to affirmatively consent, or opt in, to the card issuer's payment of an over-the-limit transaction.

Finally, (2) Completion of the over-the-limit transactions without consumer's consent" notwithstanding affirmative consent under paragraph (b)(1); this section 102.56 should definitely be applicable whereby plaintiff was charged 284.18 for an assumed purchase on August 16, 2020 the Plaintiff's account was terminated, this is clearly a misrepresentation and a breach of contract.

'A legally binding and enforceable contract is a contractual agreement between two parties or more and "Scynchrony Bank" certainly wasn't included herein. Plaintiff disagree his argument wasn't vague and conclusory with regards to allegation of breach of his credit card.

5. Plaintiff's Truth-In Lending Act claim fails

Plaintiff asserts that Lowe's violated the Truth in Lending Act "for inconsistencies in the agreement." (EFC No 6, p.50f 7.) He presumably also base his Truth in Lending Act claim on the alleged over-the=limit transaction, as he alleges a violation of Consumer Financial (FDIC) law regulations related act section 102.56," (EFC No. 6,p.2 0f 7) and 12 C.F.R. sub-section 102.56 sub-section 163 (Opt-in required for over-the-limit transaction if fees are imposed.

Response: How can fees be avoided when there is interest charges applied, and a non-consent agreement that says they are prohibited from installing an over-the-limit amount and charging for the over-the-limit amount but to the contrary they allowed anyway. However, to violate the Truth In Lending Act the only requirement is deception, false statements, misleading information like for instance escalating the interest charges, (2) "Scnychony Bank" Anonymously owning Lowe's, and to allow over-the-limit charges without consent; It is implausible to use  vague language to obscure the true cost and terms of a credit card; the Plaintiff never heard the name "Scnychony Bank" mentioned on paper or conversation. It would be unreasonable and outside of Plaintiff's looking glass to sue a deliberate unknown party secreted by Lowe's.

6. Plaintiff fails to state a claim for violation of section 5(a) of the Federal trade Commission Act because there is no right of action under the act...

Response:

The Federal trade commission protects consumers from fraud. "Protecting consumers

and competition by preventing anticompetitive, deceptive, and unfair business

practices through law enforcement, advocacy, and education without unduly

burdening legitimate business activity; It is unethical and contrary to the law to

terminate a credit card in the same month you extend a credit line. It's unfair to

escalate the charges and interest by installing questionable amounts to the principal

and ridiculous amounts the interest to drag out payments. It is unfair to allege Lowe's

is the actual owner and when trouble arise Lowe's is suddenly owned by another

company, that's deception, misleading and a breach of contract for false

advertisement.

Conclusion: The defendant does not argue whether Plaintiff has a legitimate argument, they only argue failure to comply with Federal rules of civil procedures and they fail because plaintiff was clear and concise making sure to include the when, what's, where and dates. They also argue as rebuttal "Lowe's" is not the actual owner of Lowe's and that Plaintiff is suing the wrong party, and that Lowe's forwarded an "Exhibit A" alone with their rebuttal that proves "Synchrony Bank" owns Lowe's However, it fail to show a signature to prove Plaintiff signed or had prior knowledge. Furthermore, argued the allegation accused arises to a federal level and had the case transferred as a circumvention to secure better ground for the defendant. Most constitutional concerns are both state and or federal. The defendant fail to prove Plaintiff fail to stated claims for which relief can be granted.

Mr. Edgar Futrell
9738 Duke Dr.
St. Louis Mo. 63136
314 359-4133
E mail edgar.futrell@yahoo.com

CERTIFICATE OF SERVICE

Plaintiff Edgar Futrell on this April 29, 2021 mailed a copy of said response to the clerk of court @ 111 S.10th St. Louis Mo. 63102 and to Sandburg Phoenix & von Gontard, Timothy C. Sansone #47876MO, 600 Washington Ave. 15th floor, St. Louis Mo. 63301.

Mr. Edgar Futrell-Pro se



Mr. Edgar Pearce
9738 Duke Dr.
St Louis Mo. 63138

United States District Court Eastern District

Clerk of Court
111 S. 10th Street
St Louis Mo. 63102

RECEIVED
MAY 0 3 2021
BY MAIL