# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| EDGAR VERNELL FUTRELL, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:21-CV-392 RLW |
| LOWE'S, | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Edgar Futrell's ("Plaintiff") Motion for an Order Compelling Discovery. (ECF No. 15). Defendant Lowe's Home Centers, LLC (sued as "Lowe's") opposes the Motion and it is fully briefed. For the following reasons, the motion will be denied.

### Background

Plaintiff's Complaint alleges that Lowe's breached its credit card agreement with Plaintiff. (ECF No. 6). Plaintiff also asserts a violation of the Truth in Lending Act. *Id*. Lowe's removed the matter to this Court on April 2, 2021 (ECF No. 1) and filed a motion to dismiss on April 20, 2021. (ECF No. 10). The parties have not had a Rule 26(f) conference and the Court has not issued a case management order.

### Legal Standard

Rule 37 of the Federal Rules of Civil Procedure authorizes motions to compel discovery. *See* Fed. R. Civ. P. 37(a)(1) ("On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery."). Rule 26 governs the scope of discovery in federal matters:

> (1) Scope in General. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

"The scope of discovery under Rule 26(b) is extremely broad." *SI03, Inc. v. Musclegen Rsch., Inc.,* No. 1:16-CV-274 RLW, 2020 WL 6544261, at *1 (E.D. Mo. Nov. 6, 2020) (citation omitted). Nevertheless, Rule 26 places restrictions on the timing and sequence of discovery:

> A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order.

Fed. R. Civ. P. 26(d)(1).

In addition, Local Rule 3.04 governs discovery motions and states that no such motion will be considered unless the parties have conferred in person or by telephone or movant's counsel has made reasonable efforts to do so. E.D. Mo. L.R. 3.04. A motion relating to discovery "shall recite the date, time and manner of such conference, and the names of the individuals participating therein, or shall state with specificity the efforts made to confer with opposing counsel." *Id*.

## Discussion

Plaintiff states that he "filed his discovery on June 8th, 2021 giving ample opportunity in which to respond; to no avail … [sic] So he asks this court to order the defendant to render discovery by August 8th, 2021." (ECF No. 15) (ellipses original). Plaintiff contends he "reached out in good faith to the defendant 'Lowes' attorney to obtain discovery[.]" *Id.*  Lowe's responds

that under Rule 26(d) of the Federal Rules of Civil Procedure, a party may not seek discovery before the parties have conferred as required by Rule 26(f). (ECF No. 16).  Lowe's further argues that Plaintiff has not met the requirements of Local Rule 3.04, which governs meet-and-confer requirements surrounding discovery disputes.

Plaintiff's discovery requests are premature. Lowe's correctly recognizes that a party may not seek discovery prior to a Rule 26(f) conference. The parties have not stipulated to early discovery in this matter and the Court has not authorized such discovery. Further, despite Plaintiff's statement that he "reached out in good faith" to opposing counsel, his Motion fails to meet the requirements of Local Rule 3.04. He fails to state whether he conferred with Lowe's' counsel or made reasonable efforts to do so. To the extent Plaintiff was able to confer with opposing counsel, he fails to recite the date, time, and manner of such conference, and the names of the individuals participating therein. To the extent Plaintiff was unable to confer with opposing counsel, he fails to state with specificity the efforts he undertook to do so.

## Conclusion

For the reasons above, the Court will deny Plaintiff's Motion for an Order Compelling Discovery.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Edgar Futrell's Motion for an Order Compelling Discovery (ECF No. 15) is **DENIED**.

*Ronnie L. White*
_____
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 12th day of August, 2021.