# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| EDGAR VERNELL FUTRELL, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:21-CV-392 RLW |
| LOWE'S, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Edgar Futrell's Motion to Confer Pursuant to Rule 26(f) (ECF No. 18) and Motion to Compel Pursuant to Discovery Rule 37. (ECF No. 19). Defendant Lowe's Home Centers, LLC (sued as "Lowe's") opposes the Motion to Compel. (ECF No. 20). For the following reasons, both motions will be denied.

### Background

Plaintiff's Complaint alleges that Lowe's breached its credit card agreement with Plaintiff. (ECF No. 6). Plaintiff also asserts a violation of the Truth in Lending Act. *Id*. Lowe's removed the matter to this Court on April 2, 2021 (ECF No. 1) and filed a motion to dismiss on April 20, 2021. (ECF No. 10).

Plaintiff has filed three discovery-related motions in this matter. The Court denied Plaintiff's first Motion to Compel because: (1) the parties had not yet had their Rule 26(f) conference, and (2) the Motion did not meet the requirements of Local Rule 3.04. (ECF No. 17). The parties still have not had a Rule 26(f) conference and the Court has not issued a Case Management Order.

**Legal Standard**

Rule 37 of the Federal Rules of Civil Procedure authorizes motions to compel discovery. *See* Fed. R. Civ. P. 37(a)(1) ("On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery."). Rule 26 governs the scope of discovery in federal matters:

> (1) Scope in General. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

"The scope of discovery under Rule 26(b) is extremely broad." *SI03, Inc. v. Musclegen Rsch., Inc.,* No. 1:16-CV-274 RLW, 2020 WL 6544261, at *1 (E.D. Mo. Nov. 6, 2020) (citation omitted). Nevertheless, Rule 26 places restrictions on the timing and sequence of discovery:

> A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order.

Fed. R. Civ. P. 26(d)(1).

In addition, Local Rule 3.04 governs discovery motions and states that no such motion will be considered unless the parties have conferred in person or by telephone or movant's counsel has made reasonable efforts to do so.  E.D. Mo. L.R. 3.04.  A motion relating to discovery "shall recite the date, time and manner of such conference, and the names of the individuals participating therein, or shall state with specificity the efforts made to confer with opposing counsel." *Id*.

**Discussion**

In his Motion to Confer Pursuant to Rule 26(f), Plaintiff appears to request an order from this Court compelling Defendant's lawyer to meet with Plaintiff. (ECF No. 18). In his second Motion to Compel, Plaintiff argues that "the attorney for the defendant has not acted in good faith thereby failing to comply." (ECF No. 19). Plaintiff explains that he "is not at all familiar [with the rules of the court] as a lay person which shouldn't deprive him of his day in court[.]" *Id.*

Defendant argues that Plaintiff may not seek discovery before the parties have conferred under Rule 26(f). (ECF No 20) (citing Fed. R. Civ. P. 26(d)). Defendant further argues that Plaintiff failed to meet the requirements of Local Rule 3.04. The Court agrees.

Plaintiff's discovery requests are again premature. The parties have not yet engaged in a Rule 26(f) conference nor have they stipulated to early discovery in this matter. Further, as with Plaintiff's first Motion to Compel, the present motions fail to meet the requirements of Local Rule 3.04 for the same reasons explained in the Court's Order dated August 12, 2021. (ECF No. 17). For these reasons, both motions will be denied. The Court will issue a Case Management Order at a later date, if necessary. Until then, all discovery motions will be summarily denied.

**Conclusion**

For the reasons above, the Court will deny Plaintiff's Motion to Confer (ECF No. 18) and Plaintiff's Motion to Compel. (ECF No. 19).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Edgar Futrell's Motion to Confer Pursuant to Rule 26(f) (ECF No. 18) and Plaintiff's Motion to Compel Pursuant to Discovery Rule 37 (ECF No. 19) are **DENIED**. Going forward, the Court will summarily deny all discovery motions filed in this matter prior to the entry of a Case Management Order.

                         *Ronnie L. White*
                         **RONNIE L. WHITE**
                         **UNITED STATES DISTRICT JUDGE**

Dated this 6th day of October, 2021.