# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| EDGAR VERNELL FUTRELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:21-CV-392 RLW |
| ) | |
| LOWE'S, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Lowe's Home Centers, LLC's (sued as "Lowe's") Motion to Dismiss (ECF No. 10). Plaintiff Edgar Futrell opposes the Motion (ECF No. 13) and it is fully briefed. The Court will grant Defendant's Motion for the reasons below.

## BACKGROUND

On January 18, 2018, Plaintiff completed an application for a Lowe's Advantage Credit Card at a Lowe's location in Chesterfield, Missouri. (ECF No. 6, p. 1; ECF No. 13, p. 3; ECF No. 11-1, p. 1). Plaintiff's application was approved at an annual percentage rate ("APR") of 26.99%. (ECF No. 11-1, p. 1). In his Complaint[1], Plaintiff alleges that Defendant Lowe's breached the Credit Card Account Agreement ("Agreement") when it: (1) increased the interest rate, (2) charged for an over-the-limit transaction, and (3) terminated the agreement in the same month it permitted

---

[1] Plaintiff first filed his Complaint in the St. Louis County Circuit Court. (ECF No. 6, p. 1). Defendant removed the case to this Court due to the Court's subject matter jurisdiction under 28 U.S.C. § 1331 to consider cases or controversies "arising under" the laws of the United States. (ECF No. 1, p. 2).

the over-the-limit transaction. (ECF No. 6, p. 1).[2] Plaintiff further asserts that Defendant violated the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq*., when it assessed a fee on Plaintiff's account for the over-the-limit transaction. *Id.* at 2. Finally, Plaintiff appears to assert a violation of Section 5(a) of the Federal Trade Commission Act ("FTCA"), 15 U.S.C. § 45(a). Plaintiff seeks $5,000 in damages, costs, and an order from this Court requiring Defendant to close his account with no remaining balance. *Id.* at 7.

## LEGAL STANDARD

"To survive a motion to dismiss for failure to state a claim, the complaint must show the plaintiff is entitled to relief by alleging sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *In re Pre-Filled Propane Tank Antitrust Litig.*, 860 F.3d 1059, 1063 (8th Cir. 2017) (internal quotation marks omitted) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In reviewing a Rule 12(b)(6) motion, the Court accepts as true all factual allegations and construes all reasonable inferences in the light most favorable to the nonmoving party. *Usenko v. MEMC LLC*, 926 F.3d 468, 472 (8th Cir. 2019), *cert. denied*, 140 S. Ct. 607 (2019). Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). When considering a motion to dismiss, a court can "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id*. at 679. Rather, legal conclusions must be supported by factual allegations to survive a motion to dismiss. *Id*. "Where the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal

---

[2] In the Complaint, Plaintiff states that Defendant's actions are "in violation of Plaintiff's 5th, 9th, and 14th amendment of the United States Constitution; for breach of agreement[.]" (ECF No. 6, p. 1). The Court reads this as a declaration by Plaintiff that the Constitution protects his right to contract and not that Plaintiff intends to pursue distinct claims under the Fifth, Ninth, and Fourteenth Amendments.

under Rule 12(b)(6) is appropriate." *Benton v. Merrill Lynch & Co.*, 524 F.3d 866, 870 (8th Cir. 2008). A party's *pro se* status does not excuse a party from following the Federal Rules of Civil Procedure. *Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996).

## DISCUSSION

Defendant asks this Court to dismiss Plaintiff's Complaint for six reasons: (1) The Complaint fails to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure; (2) The Agreement makes clear that Defendant is not a party to the Agreement; (3) Plaintiff fails to state a breach-of-contract claim because he does not specify which provisions were breached; (4) Plaintiff fails to state a breach-of-contract claim because the bank complied with the terms of the Agreement; (5) Plaintiff fails to state a claim under TILA; and (6) Plaintiff fails to state a claim under the FTCA. (ECF No. 11, pp. 1-2). The Court will grant Defendant's Motion to Dismiss for the reasons below.

### I.  Failure to State a Claim for Breach of Contract[3]

Plaintiff asserts that Defendant breached the Agreement when it: (1) increased his interest rate, (2) charged for an over-the-limit transaction, and (3) terminated the Agreement in the same month it permitted the over-the-limit transaction. (ECF No. 6, p. 1). Defendant argues that Plaintiff fails to state a claim because: (1) Defendant is not a party to the agreement; (2) Plaintiff does not identify specific provisions of the Agreement that were breached; and (3) The administering bank complied with the terms of the Agreement. (ECF No. 11, pp. 7, 8). The Court agrees with Defendant.

---

[3] Under 28 U.S.C. § 1367, a federal district court may exercise supplemental jurisdiction over state-law claims that the court would not otherwise have subject matter jurisdiction to hear, if the claims are part of the same case or controversy as the claims over which the court has original jurisdiction.

3

To establish a breach-of-contract claim in Missouri, Plaintiff must show: (1) the existence and terms of a contract; (2) Plaintiff performed or tendered performance pursuant to the contract; (3) Defendant breached the contract; and (4) Plaintiff suffered damages as a result. *Keveney v. Missouri Mil. Acad.*, 304 S.W.3d 98, 104 (Mo. banc 2010). A party fails to state a claim for breach of contract if it does not set out its rights or defendant's obligations under the contract. *Reitz v. Nationstar Mortg., LLC*, 954 F. Supp. 2d 870, 884 (E.D. Mo. 2013); *Trotter's Corp. v. Ringleader Restaurants, Inc.*, 929 S.W.2d 935, 941 (Mo. Ct. App. 1996) ("On its face Count II fails to state a claim for breach of contract because it does not set out defendants' rights or [plaintiff's] obligations under the contract. From the pleading, it cannot be ascertained what [plaintiff's] obligations were which defendants claim were breached.").

Here, Plaintiff fails to specify which obligations Defendant breached. For example, Plaintiff asserts that Defendant breached the Agreement by allowing an over-the-limit transaction. But Plaintiff fails to allege a specific provision that prohibits such a transaction. Plaintiff goes on to argue Defendant breached the Agreement because it charged interest on the same transaction. (ECF No. 6, p. 3). But again, Plaintiff does not identify any provision in the Agreement that prohibits interest on such transactions. Plaintiff's claim fails because the Court cannot ascertain what Defendant's obligations were which Plaintiff claims were breached. *Trotter Corp.*, 929 S.W.2d at 941.

More importantly, Defendant is not a party to the Agreement. Defendant's Exhibit A is a copy of the contract in question. (ECF No. 11-1). Generally, the Court could not consider such outside evidence at this stage without converting Defendant's Motion to Dismiss into one for summary judgment. *Zean v. Fairview Health Servs.*, 858 F.3d 520, 526 (8th Cir. 2017) (citation and quotation marks omitted). But in a case involving a contract, the court may examine the

contract in deciding a motion to dismiss. *Id*. (citing *Stahl v. U.S. Dep't of Agric.*, 327 F.3d 697, 700 (8th Cir. 2003). This is true even where the contract is used to refute a breach-of-contract claim. *Id*. (citations omitted).

Here, the language of the Agreement itself defeats Plaintiff's claim. It states: "This is an Agreement between you and Synchrony Bank, 170 Election Road, Suite 125, Draper, UT 84020, for your credit card account shown above." (ECF No. 11-1, p. 3). The Agreement is signed by Margaret Keane, President and CEO of Synchrony Bank. *Id.* at 5. "It has long been a basic tenet of contract law that one not a party to a contract is not bound thereby and is not liable for breach of a contract to which he is not a party." *Turner v. Wesslak*, 453 S.W.3d 855, 858 (Mo. Ct. App. 2014). Put another way, Plaintiff cannot establish that Defendant breached the terms of the Agreement because Defendant is not a party to the Agreement. This presents an insuperable bar to relief and dismissal of Plaintiff's breach-of-contract claim under Rule 12(b)(6) is appropriate. *Benton,* 524 F.3d at 870.

## II. Failure to State a Claim Under TILA

Plaintiff asserts that Defendant violated TILA "for inconsistencies in the agreement." (ECF No. 6, p. 5). Plaintiff argues that Defendant permitted an over-the-limit transaction on August 16, 2020 in the amount of $284.18 without Plaintiff's consent or knowledge. (ECF No. 6, pp. 5-6). Plaintiff contends that Defendant violated 12 C.F.R. §§ 1026.56(b)(1) and (2), which state, in relevant part:

> (b) Opt-in requirement—
>
> (1) General. A card issuer shall not assess a fee or charge on a consumer's credit card account under an open-end (not home-secured) consumer credit plan for an over-the-limit transaction unless the card issuer . . . .

5

> (2) Completion of over-the-limit transactions without consumer consent. Notwithstanding the absence of a consumer's affirmative consent under paragraph (b)(1)(iii) of this section, a card issuer may pay any over-the-limit transaction on a consumer's account provided that the card issuer does not impose any fee or charge on the account for paying that over-the-limit transaction.

As with his breach-of-contract claim, Plaintiff's TILA claim fails because Defendant is not a party to the Agreement and therefore could not have assessed a fee for the over-the-limit transaction. But even if Defendant was a party to the Agreement, Plaintiff still fails to state a plausible claim under 12 C.F.R. §§ 1026.56(b)(1) and (2). First, as Plaintiff concedes (ECF No. 6, p. 6), TILA authorizes over-the-limit transactions without the consumer's consent. 12 C.F.R. § 1026.56(b)(1). Second, while Plaintiff cites the regulatory language that prohibits fees on over-the-limit transactions, Plaintiff does not plead that Defendant charged such a fee. Rather, Plaintiff avers that he is "being held accountable for paying an 'over-the-limit' transaction[.]" (ECF No. 6, p. 3). Nothing in TILA prohibits a card issuer from holding a consumer accountable for the consumer's purchases. In his Reply, Plaintiff states: "How can fees be avoided when there is [sic] interest charges applied[.]" (ECF No. 13, p. 6). But Plaintiff does not assert that the unspecified interest charges are fees prohibited by TILA. Even viewing the facts in the light most favorable to Plaintiff, the Court finds that Plaintiff fails to state a plausible claim to relief under TILA.

### III. Failure to State a Claim Under the FTCA

Lastly, Plaintiff appears to allege a violation of the FTCA. He states:

> Even more shocking Lowe's in the same month August 24, 2020 terminated the plaintiff's active credit card for none of the reasons set forth in Lowe's policy. The termination was done with bias and prejudice. How dare Lowe's allow an over-the-limit transaction then shockingly the same month terminate the account; "The [sic] unfair trade practices refer to businesses using deceptive, fraudulent, or otherwise unethical methods to gain an advantage or turn a profit. This is a violates [sic] the Consumer protection law, as well as section 5 (a) of the Federal Trade Commission from unfair business

6

> practices; this is an act of unethical behavior warranted as unspeakably disgusting especially when doing so could depreciate a consumer's credit score and cause a gross deception.

(ECF No. 6, p. 6).

Section 5(a) of the FTCA provides that "unfair or deceptive acts or practices in or affecting commerce, are hereby declared unlawful." 15 U.S.C. § 45(a)(1). But there is no private cause of action for violations of the FTCA. *Morrison v. Back Yard Burgers, Inc.*, 91 F.3d 1184, 1187 (8th Cir. 1996). Only the FTC itself is empowered to enforce the provisions of the Act. 15 U.S.C. §45(a)(2); *F.T.C. v. Johnson*, 800 F.3d 448, 452 (8th Cir. 2015). Even viewing the facts in the light most favorable to Plaintiff, the Court finds that Plaintiff fails to state a plausible claim to relief under the FTCA.

## CONCLUSION

For the reasons set forth above, the Court finds that Plaintiff fails to state a claim to relief that is plausible on its face. The Court will grant Defendant's Motion to Dismiss in its entirety.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Lowe's Home Centers, LLC's Motion to Dismiss (ECF No. 10) is **GRANTED**.

An appropriate Order of Dismissal will accompany this Memorandum and Order.

_____
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 1st day of February, 2022.